IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

Plaintiff,

vs. Dkt. No. 25-cr-20055-MSN

ADRIENNE ROSSE,

Defendant.

---

**DEFENDANT ADRIENNE ROSSE'S POSITION REGARDING THE PRESENTENCE INVESTIGATION REPORT**

---

COMES NOW the Defendant, Adrienne Rosse, and submits pursuant to Fed. R. Crim. P. 32, Local Criminal Rule 32.1, and USSG § 6A1.2(b) the following position with respect to sentencing in this case:

## I. Defense Counsel Certification

Defense counsel and Ms. Rosse have reviewed the DRAFT Presentence Investigation Report (hereinafter "PSR"). (DE 66). Defense counsel has communicated the following position to the probation office and Assistant United States Attorney in the form of a copy of this pleading.

## II. The Sentencing Hearing

The sentencing hearing in this matter will last approximately one hour.

## III. Sentencing Factors in Dispute

### A. Factual Objections

Ms. Rosse exercised her right to go to trial where she was found guilty of two counts of cyberstalking. (*See* PSR, DE 66, PageID 209). Ms. Rosse objects to the alleged offense conduct

based on her theory at trial. (*See Id.* at PageID 209-12).

B. <u>Legal Objections</u>

Ms. Rosse objects to the guideline calculations and advisory sentence contained in the PSR, and maintains her innocence. (*See Id.* at PageID 213, 219).

In addition, Ms. Rosse submits that by exercising her right to testify on her own behalf during the trial of this matter, she did not attempt to obstruct justice as set forth in the PSR. (*See Id.* at PageID 212, 213). As explained in Application Note 2, the enhancement for obstruction of justice

> is not intended to punish a defendant for the exercise of a constitutional right. A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury), refusal to admit guilt or provide information to a probation officer, or refusal to enter a plea of guilty is not a basis for application of this provision. In applying this provision in respect to alleged false testimony or statements by the defendant, the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice.

U.S.S.G. § 3C1.1, App. Note 2. In the instant matter, Ms. Rosse did not attempt to obstruct justice or commit perjury by denying her involvement in this offense at trial.

## IV. Position as to Sentencing

In *United States v. Booker*, 543 U.S. 220 (2005), the United States Supreme Court held that the mandatory Sentencing Guidelines system violated the Sixth Amendment. See, *Id.* at 226-227. The Supreme Court determined that the appropriate cure was to sever and excise the provision of the statute that rendered the Guidelines mandatory. 18 U.S.C. § 3553(b)(1) (2009). As a result, "the Guidelines [are] effectively advisory." *Booker*, 543 U.S. at 245.

18 U.S.C. § 3553, as modified by *Booker*, contains an overarching provision instructing district courts to "impose a sentence sufficient, but not greater than necessary" to accomplish the

goals of sentencing, including "to reflect the seriousness of the offense," "to promote respect for the law," "to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a) (2009); *Kimbrough v. United States*, 552 U.S. 85 (2008). The statute further provides that, in determining the appropriate sentence, the court should consider a number of factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the sentencing range established" by the Guidelines, "any pertinent policy statement" issued by the Sentencing Commission pursuant to its statutory authority, and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* Although § 3553 still requires a court to consider the Guidelines, *Booker* "permits the court to tailor the sentence in light of other statutory concerns as well. *Id.*

Ms. Rosse's advisory guideline range for her offenses of conviction is 63 to 78 months on each count. (*See*, DE 66, at PageID 219). The total effective sentence recommended by the probation office, 63 months, is more than the statutory maximum allowed and much greater than necessary to satisfy the interests of justice and achieve sentencing goals. Ms. Rosse thus respectfully requests the Court to consider a downward variance in this matter. Ms. Rosse submits that a sentence of probation in this matter would satisfy the sentencing factors and would be the appropriate punishment in this case. In further support of the requested sentence, Ms. Rosse submits the following with respect to the sentencing factors listed under 18 U.S.C. § 3553(a).

## A. <u>18 U.S.C. § 3553(a) Factors</u>

### (1) <u>Nature and Circumstances of Offense and the History and Characteristics of the Defendant</u>

#### (a) Nature and Circumstances of the Offense

Ms. Rosse understands that this is a serious matter. It is submitted, however, that the requested sentence of probation will serve the four identified purposes of sentencing – just punishment, deterrence, protection of the public, and rehabilitation. *See Dean v. United States*, 581 U.S. 62, 67 (2017) (citing 18 U.S.C. § 3553(a)(1), (2)(A)-(D)).

#### (b) History and Characteristics of the Defendant

Ms. Rosse was born and raised in Memphis and has remained in Memphis for the majority of her. (PSR, DE 66, PageID 214-15). Although Mr. Rosse is fortunate that she grew up with her family in a safe, middle-class neighborhood, it is clear that family turmoil has been prevalent throughout her life. (*See Id.* at PageID 215-16). Her parents divorced when he was a teenager, and Ms. Rosse had trouble adjusting to her new family dynamic. (*Id.*) In addition, her father stated that Ms. Rosse suffered from extreme emotional abuse by her mother. (*Id.* at PageID 216).

Ms. Rosse married her husband, Charles Rosse, in 2012, and it appears that this union further drove a wedge between her and her family. (*Id.* at PageID 216). This is evidenced by the manner in which Ms. Rosse's father described the state of her marriage. (*Id.* at PageID 216-17). Ms. Rosse denies that her husband is controlling and submits that she and Mr. Rosse are very happy together despite the disdain directed at the couple by her family. The couple has two young children together. (*Id.* at PageID 216). In addition, Ms. Rosse has four stepchildren.

**(c) Mental Health/Emotional Health/Substance Abuse**

Ms. Rosse has no current mental health or substance abuse issues. (*Id.* at PageID 217). Although it was indicated that she attended family counseling following the adoption her two adoptive sisters, Ms. Rosse denies attending any such counseling. (*Id.* at PageID 215).

**(d) Other pertinent 18 U.S.C. §3553(a) factors**

**(i) Reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense**

Ms. Rosse submits that she understands the seriousness of the offense, and she does respect the law.

**(ii) Afford adequate deterrence to criminal conduct**

Ms. Rosse submits that the requested sentence of probation is adequate to provide deterrence to further criminal conduct. The sentence will show other similarly situated offenders – those with zero criminal history, a good educational and employment history, and a supportive immediate family – that they should never engage in this kind of conduct for any reason.

As for Ms. Rosse's specific deterrence, she is learning an extremely harsh lesson. She has never been charged, let alone convicted, of any offense and now will have a felony conviction on her record. Despite their estrangement, even her father described this offense as uncharacteristic of Ms. Rosse. (*Id.* at PageID 217). Simply being involved in both the federal justice system has been an eye opening experience for her, one that has forever changed Ms. Rosse.

**(iii) Protect the public from further crimes of the defendant**

The requested sentence of probation will also adequately protect the public from any future crimes. Ms. Rosse has been on pretrial release for well over one year now. She has remained in compliance with the conditions that have been placed upon her. She has also continued to support

and care for her family. She has proven that she is not a danger to commit further crimes while on pretrial release.

**(iv) Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

Ms. Rosse graduated from Barlett High School and attended the University of Memphis for approximately two years. (*Id.* at PageID 218). Ms. Rosse is skilled in the culinary arts, (*id.*), a profession that she gave up when she became a mother and decided to devote all of her time to caring for her children and family. Given her education and employment history, it is highly unlikely that the Bureau of Prisons would be able to provide Ms. Rosse with any advancement in those areas.

**(v) Fines**

The PSR indicates that it is unclear whether Ms. Rosse has the ability to pay a fine. (*Id.* at PageID 219). However, Ms. Rosse has been found indigent in this matter and qualified for court-appointed counsel. Ms. Rosse, therefore, respectfully requests the Court to refrain from imposing any fines upon her, including the costs of prosecution and supervised release services. (*See Id.*, PageID 220).

**(vi) The kinds of sentences available, and the sentencing guideline range**

The sentences available are otherwise set forth in the PSR. (*Id.* at PageID 219-20).

**(vii) The Need to Avoid Unwarranted Disparities**

The Supreme Court has explained that federal courts' have vast authority to fashion sentences based upon the individual characteristics of the offender before them:

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. Underlying this tradition is the principle that the punishment should fit the offender and not merely the crime.

*Pepper v. United States*, 562 U.S. 476, 487-88 (2011) (internal quotations and citation omitted). Ms. Rosse respectfully requests the Court to consider placing her on probation. She requests the Court consider the unique circumstances of her case.

This is not a violent offense, and no firearms or drugs were involved in the commission of the offense. Ms. Rosse has no prior criminal history, and she has never been convicted of a felony offense. The requested sentence will provide adequate deterrence to any further criminal conduct.

Ms. Rosse has not proven to be a danger to the public while on pretrial release. The requested sentence is therefore sufficient to adequately protect the public from future criminal conduct.

Furthermore, Ms. Rosse has a family and young children that depend on her and need her in order to function properly. She is involved in every aspect of her husband's and her children's lives, and they count on her daily care. This responsibility and support will help her throughout her time on probation. Under these circumstances, the requested sentence would not create an unwarranted sentencing disparity. The punishment instead would fit this particular offender.

**V. Conclusion**

For the foregoing reasons, and for reasons that will be more fully explained at the sentencing hearing, Ms. Rosse respectfully requests the Court consider a sentence of probation in this case.

Respectfully Submitted,

TYRONE J. PAYLOR
FEDERAL DEFENDER

s/ Robert L. Thomas
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(901) 544-3895

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system to Ms. Lauren Delery, Assistant U.S. Attorney, 167 N. Main, Suite 800, Memphis, TN 38103, on this 22nd day of September, 2026.

s/ Robert L. Thomas
Assistant Federal Defender